```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
GARY LABARBERA and FRANK FINKEL
Trustees of Local 282 International
Brotherhood of Teamsters Welfare,
Pension, Annuity, Job Training and
Vacation Sick Leave Trust Funds,            MEMORANDUM AND ORDER
                                            Case No. 08-CV-3100 (FB) (RER)
                      Plaintiffs,
          -against-

HIGH POWER TRUCKING CORP.,

                      Defendant.
------------------------------------------------------x
```

*Appearances:*
*For the Plaintiff:*
AVRAM H. SCHREIBER, ESQ.
40 Exchange Place, Suite 1300
New York, NY 10005

**BLOCK, Senior District Judge:**

On July 30, 2008, plaintiffs, in their capacities as fiduciaries of the Local 282 International Brotherhood of Teamsters ("Local 282") Welfare, Pension, Annuity, Job Training and Vacation Sick Leave Trust Funds ("the Funds"), filed suit against High Power Trucking Corp. ("HPT"). Plaintiffs' complaint alleged that HPT violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, by failing to make required contributions to the Funds. As a result of defendant's failure to answer or otherwise defend, *see* Unnumbered Docket Entry Dated Oct. 14, 2008 (Clerk's Entry of Default), plaintiffs' motion for a default judgment was granted on October 24, 2008, and the matter was referred to Magistrate Judge Ramon E. Reyes, Jr., for a determination of the

relief to be awarded. *See* Docket Entry #5 (Memorandum and Order).

On March 2, 2009, Magistrate Judge Reyes issued a Report and Recommendation ("R&R"), *see* Docket Entry #8, recommending that judgment be entered against HPT in the amount of $8,431.89, consisting of: (1) $1,708.96 in delinquent contributions; (2) $592.23 in interest; (3) $341.80 in liquidated damages; (4) $5,253.00 in attorney's fees; and (5) $535.90 in costs. The R&R also recommended that plaintiffs' request for injunctive relief be denied. The R&R advised plaintiffs that "[a]ny objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Frederic Block within ten business days of receipt hereof," and that "[f]ailure to timely file objections may waive the right to appeal the District Court's Order." R&R at 8 (citations omitted). On March 2, 2009, plaintiffs served a copy of the R&R on HPT. *See* Docket Entry #9 (Affidavit of Service). No objections were filed.

"[A] district court evaluating a magistrate judge's recommendation is permitted to adopt those portions of the recommendation to which no specific, written objection is made, as long as those sections are not clearly erroneous." *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (internal quotation marks and citations omitted). The Court finds no clear error (if any) with the R&R; accordingly, the Court adopts its recommendations without *de novo* review.

**SO ORDERED.**

s/FB
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 9, 2008

2